UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **James Vincent Daversa, III,**     : | |
|      Plaintiff,                    : | |
|                                    : | Case No. 06cv1095 (JBA) |
| v.                                 : | |
|                                    : | |
| **Edward S. Domnarski,**           : | |
|      Defendant.                    : | |

**ORDER RE: SUA SPONTE DISMISSAL PURSUANT TO 28 U.S.C. § 1915**

Pro se plaintiff James Vincent Daversa, III, brings suit against Judge Edward S. Domnarski of the Connecticut Superior Court (Compl. [Doc. #3-3]) alleging that Judge Domnarski violated the Supremacy Clause and the veterans' benefits provision 38 U.S.C. § 5301(a) by ordering plaintiff to pay the amounts designated in his divorce judgment, namely "28.57 percent of the amount shown as gross pay on his monthly retirement account statement;" that he caused plaintiff to overpay his wife or be threatened with incarceration for not paying; and that he caused another judge to order the foreclosure of plaintiff's home for purposes of securing payment in contravention of the claimed authority Mansell v. Mansell, 490 U.S. 581 (1989).  Plaintiff's claims are based on Judge Domnarski's ruling on a Motion for Contempt and Motion for Clarification brought by plaintiff's ex-wife Cleta Daversa alleging that plaintiff failed to make spousal support payments pursuant to their divorce judgment.  See Daversa v. Daversa, No. FA-00-0121618 (Conn. Super. Ct. Apr. 21, 2005)

1

[Doc. #3-4] ("Ruling").

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court reviews the viability of plaintiff's claims. The statute provides: "the court shall dismiss [an in forma pauperis] case at any time if the court determines that . . . the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "An action is 'frivolous' under § 1915 if it 'lacks an arguable basis either in law or fact.'" Longinus Yen v. Supreme Court of the United States, No. 99-6198, 2000 U.S. App. LEXIS 3417, at *3 (2d Cir. Feb. 28, 2000) (citing Neitzke v. Williams, 490 U.S. 319, 325 (1989)). "Although a court should ordinarily afford a pro se plaintiff the opportunity to amend his or her complaint before dismissing it for failure to state a claim, this courtesy is not required if amending the complaint would be futile. . ." Fiamengo v. Wadsworth, 127 Fed. Appx. 564, 565 (2d Cir. 2005).

Plaintiff Daversa seeks relief based on the alleged errors of the defendant judge's ruling, which was issued in the course of the latter's duties as a judge, clearly implicating the doctrine of absolute judicial immunity. "The law affords judges absolute immunity from personal liability for acts 'committed within their judicial jurisdiction,' however erroneous the act and regardless of motivation." Tapp v. Champagne, 164 Fed. Appx.

106 (2d Cir. 2006) (citing cases).

Thus, "to the extent that [plaintiff] seeks damages for acts [defendant] performed in the course of [his] judicial functions, [defendant] cannot be held personally liable." Ocasio v. Needham, 173 Fed. Appx. 55, 56 (2d Cir. 2006) (citing Mireles v. Waco, 502 U.S. 9, 11 (1991); Huminski v. Corsones, 396 F.3d 53, 75 (2d Cir. 2005)). While there are two exceptions to this immunity — "liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity" and liability for "actions, though judicial in nature, taken in the complete absence of all jurisdiction," Mireles, 502 U.S. at 11-12 — neither exception is encompassed by the allegations in plaintiff's Complaint.

Thus, upon review of plaintiff's Complaint, even in light of the "flexible standard" applied to pro se complaints — recognizing that "[b]ecause 'most pro se plaintiffs lack familiarity with the formalities of pleading requirements, we must construe pro se complaints liberally'" — it is "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" See Ognibene v. Niagara County Sheriff's Dep't, 117 Fed. Appx. 798, 799 (2d Cir. 2005) (citing Lerman v. Bd. of Elections, 232 F.3d 135, 140 (2d Cir. 2000); Haines v. Kerner, 404 U.S. 519, 521 (1972)).

Because the allegations of plaintiff's Complaint assailing

3

the rulings of the defendant judge fall squarely within the doctrine of absolute judicial immunity, amendment would be futile and the Complaint must be DISMISSED. The Clerk is directed to close this case.

    IT IS SO ORDERED.

    /s/

    JANET BOND ARTERTON, U.S.D.J.

**Dated at New Haven, Connecticut, this 30th day of January, 2007.**